UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:11-cr-43-T-33AEP

JAMES DION BARNES, JR.
_____

**ORDER**

This cause comes before the Court upon Defendant's construed Motion to Seal (Doc. 63) by which the Defendant requests "a copy of the Fed. R. Criminal Pro. Rule 41(g) motion," and that "for all . . . Pacer activity to be moved off record from the time of . . . indictment an all." Rule 41(g) provides a procedural mechanism for an aggrieved person to seek the return of property seized by the government during an unlawful search. *Id.* A review of the docket in this case demonstrates that at no point was a Rule 41(g) motion filed in the Defendant's case. Thus, the Defendant's request for a copy of the Rule 41(g) motion is baseless.

Further, Defendant provides no valid legal justification to seal the entire record in this matter, and such a request is contrary to law and public policy. The public has a significant and long-standing recognized right to monitor the judicial system as its operations are of great public concern. *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978); *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (citation omitted) ("[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist."). As a result, there is a presumption of openness regarding the public's access to judicial proceedings that may only be overcome in exceptional circumstances when the value to the public is outweighed. *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 509 (1984). Therefore, before a document or the record in its entirety is sealed, "the district court must identify and articulate 'an overriding

interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010) (quoting *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984)). Here, the Defendant has only stated his request to seal the record and has not articulated any reasoning or justification to warrant such action. Thus, the Defendant's request to seal the entire record is entirely without merit. Accordingly, the Defendant's construed Motion to Seal (Doc. 63) is DENIED.

**DONE AND ORDERED** in Tampa, Florida, on this 8th day of March 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge