UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No.: 8:11-cr-43-T-33AEP

JAMES DION BARNES, JR.

_____/

**ORDER**

This matter comes before the Court pursuant to James Dion Barnes, Jr.'s pro se Motion for Return of Unlawfully Seized Property (Doc. # 65), filed on April 29, 2019. The Government responded in opposition on May 14, 2019. (Doc. # 67). For the reasons that follow, the Motion is denied.

**I. Background**

On January 27, 2011, Barnes was indicted on two federal drug charges. (Doc. # 1). Drug Enforcement Administration Special Agents Gary Corbett and Anthony Spatola arrested Barnes on February 18, 2011. (Doc. ## 10, 65). During the arrest, the Sarasota Police Department (SPD) took some of Barnes' personal belongings. (Doc. # 67 at 1, 2, 5). Soon after, Barnes' wife attempted to collect his property from the SPD on February 22, 2011. (Id. at 3). But, after learning

1

the necessary reclamation procedure, she never returned to reclaim his property. (Id.).

Following a plea agreement, Barnes pleaded guilty to Count One of the indictment: Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(B)(ii) on September 19, 2011. (Doc. # 40). He was subsequently sentenced to 262 months imprisonment. (Id.). However, his sentence was reduced to 168 months imprisonment on April 4, 2013. (Doc. ## 48, 49).

Several years later, on April 29, 2019, Barnes filed this Motion for the return of his property seized during his 2011 arrest. (Doc. # 65). Barnes claims that several of his personal belongings, including $2,860 in cash, were seized and wrongfully detained by Special Agents Corbett and Spatola or the SPD. (Id. at 1-2). Barnes notes that he has not received any forfeiture notification and requests the return of this property in accordance with Federal Rule of Criminal Procedure 41(g). (Id.). In its response, the Government indicates that the SPD, not the DEA, seized Barnes' property and further highlights that the cash amount seized was only $1,642. (Doc. # 67 at 2).

2

## II. Discussion

This Motion is due to be denied because Barnes' request for relief is foreclosed by both federal and Florida law. (Id. at 4). However, because of assertions raised in the Government's response, (Id. at 3-4), the Court will address one argument before ultimately explaining its reasoning for denial in greater depth.

The Government argues that because Barnes had constructive knowledge through his wife that the SPD held his property but waited over six years before attempting to claim it, "he ha[d] 'unclean hands' under principles of equity and his motion should therefore be denied." (Id.). Although Barnes' knowledge and delay are significant, the Court's decision is not based on the doctrine of unclean hands.

In actions in equity, parties are found to have unclean hands where they have committed some misconduct that substantially relates to the equity sought and where such misconduct directly injured the other party, thus barring them from relief. See Calloway v. Partners Nat. Health Plans, 986 F.2d 446, 450-51 (11th Cir. 1993)(holding that the doctrine of unclean hands did not apply where the plaintiff's misconduct was neither relevant nor necessarily related to the claim). Barnes' knowledge and delay in filing did not

render his hands unclean because neither can be characterized as misconduct so related to his property as to bar him from relief. Thus, the Court rejects the Government's unclean hands argument.

But the Government's other arguments have merit. As the Government notes, the SPD, not the DEA, always had possession of Barnes' property. (Doc. # 67 at 1, 4-5). Because the Government never had possession of Barnes' property, it has neither the authority nor the ability to respond to Barnes' request. See United States v. Garcon, 406 Fed. App'x 366, 370 (11th Cir. 2010)(holding that the Government was not required to return property to the defendant because it had been transferred to local authorities and forfeited under state law). Furthermore, notice of this forfeiture is not required as "the real question is not whether the forfeiture comported with the requirements of due process, but rather, whether the government was in possession of the currency." Id.

Even if Barnes had requested the return of his property from the correct agency, the Motion is also defeated under Florida law, specifically Section 705.105, Fla. Stat. In Florida criminal proceedings, unclaimed personal property seized during a lawful investigation shall vest permanently in the state law enforcement agency sixty days after the

conclusion of the proceedings. Fla. Stat. § 705.105(1). The statute further provides that agencies may transfer property of appreciable value to "another unit of state or local government." Id. at (a)(2). Barnes' attempt to reclaim his seized property comes well after the sixty day threshold established by Florida law. His property permanently vested with the SPD, which subsequently deposited the money into the City of Sarasota's general fund, all in accordance with state law.

Therefore, for the reasons discussed herein and by the Government in its response, Barnes' Motion is denied. Nevertheless, the Court understands Barnes' frustration at the loss of such a sum of money. Furthermore, the Court is disappointed that the SPD did not follow up with Barnes' wife about returning Barnes' property.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

James Dion Barnes, Jr.'s pro se Motion for Return of Unlawfully Seized Property (Doc. # 65) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of June, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE