```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No.: 8:11-cr-43-33AEP

JAMES DION BARNES, JR.

_____/

**ORDER**

This cause is before the Court pursuant to Defendant James Dion Barnes, Jr.'s pro se "Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)" (Doc. # 69), filed on December 21, 2020. The United States of America responded on January 6, 2021. (Doc. # 71). For the reasons that follow, the Motion is denied.

### I. **Background**

In September 2011, the Court sentenced Barnes to 262 months' imprisonment after he pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. (Doc. # 40). Subsequently, that sentence was reduced to 168 months. (Doc. # 49). Barnes is 49 years old and is projected to be released on March 5, 2022. (Doc. # 71 at 1).

1

In his Motion, Barnes seeks home confinement or compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, primarily based on his COVID-19 infection in November 2020 and his other medical conditions. (Doc. # 69). The United States has responded (Doc. # 71), and the Motion is ripe for review.

## II. Discussion

As an initial matter, Barnes asks in his Motion for the Court to grant him home confinement. (Doc. # 69 at 1). But the Court has no authority to direct the Bureau of Prisons (BOP) to place Barnes in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020)(district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011)("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. §

3621(b)("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Thus, the Court agrees with the United States that Barnes's request for home confinement falls outside Section 3582(c)'s grant of authority. (Doc. # 71 at 5). The Motion is denied as to this requested relief.

To the extent that Barnes also requests compassionate release from prison, the Court finds that Barnes has not exhausted his administrative remedies as there is no allegation or evidence that Barnes administratively appealed the Warden's timely October 1, 2020, denial of his September 30 compassionate release request. (Doc. # 69 at 3). Although the United States argues otherwise (Doc. # 71 at 8 n.5), this Court holds that, if the warden denies a request during the first 30 days, the inmate cannot proceed to court until administrative remedies are fully exhausted. See United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's **unanswered** request to the warden for relief." (emphasis added)); United States v.

Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request. In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."), appeal dismissed, No. 20-30065, 2020 WL 3125318 (9th Cir. May 4, 2020), and reconsideration denied, No. 2:16-CR-00269-BLW, 2020 WL 2202437 (D. Idaho May 6, 2020); United States v. Ng Lap Seng, 459 F. Supp. 3d 527, 536 (S.D.N.Y. 2020)("I agree with the courts that have interpreted Section 3582(c)(1)(A)'s 'lapse' language as requiring the BOP's failure to respond to a prisoner's request for a compassionate release motion within thirty days, giving the court discretion to hear a compassionate release motion if the BOP has failed to timely consider the request.").

Regardless, even assuming that Barnes has exhausted his administrative remedies, the Court agrees with the United States that the Motion should be denied on the merits.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010);

4

see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially applies to Barnes is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Barnes bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

5

Barnes primarily seeks compassionate release because he had COVID-19 in early November and fears reinfection. (Doc. # 69 at 1, 3). But his medical records show that, as of November 16, 2020, Barnes had no symptoms related to COVID-19. (Doc. # 71 at 12, Doc. # 74). Indeed, Barnes's temperature and oxygen levels were normal for the duration of his infection and he was asymptomatic. (Doc. # 74). Thus, it appears Barnes has recovered unscathed.

In light of the records reflecting that he was not seriously ill two months ago when he had COVID-19, Barnes has not shown that that infection is an extraordinary and compelling reason for compassionate release. See, e.g., United States v. Thomas, No. 8:10-cr-438-T-33AAS, 2020 WL 4734913, at *2 (M.D. Fla. Aug. 14, 2020)("The Court understands that Thomas is suffering some unpleasant symptoms as a result of COVID-19. But, in light of the records reflecting that she is not seriously ill, Thomas has not shown that her illness is an extraordinary and compelling reason for compassionate release."); United States v. Frost, No. 3:18-CR-30132-RAL, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020)(denying motion for compassionate release by prisoner who tested positive for COVID-19 and had other medical conditions like diabetes, severe coronary artery disease, and

6

COPD because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison); United States v. Rumley, No. 4:08CR00005, 2020 WL 2499046, at *2 (W.D. Va. May 14, 2020)(denying motion for compassionate release where defendant had contracted COVID-19 but was experiencing minor symptoms); United States v. Eddings, No. 2:09-CR-00074-JAM-AC, 2020 WL 2615029, at *2 (E.D. Cal. May 22, 2020)(denying motion for compassionate release even though defendant had COVID-19 and "medical conditions that could place him at a higher risk of complications" because he was not experiencing any complications).

Nor does the risk of reinfection with COVID-19 warrant release. See United States v. Coleman, No. 6:11-cr-247-Orl-28KRS, 2020 WL 5912333, at *3 (M.D. Fla. Oct. 6, 2020)("[T]he mere risk of reinfection of Covid-19 does not constitute an extraordinary and compelling reason for release."). Additionally, the Court is not convinced that Barnes's other medical conditions — hypertension and obesity — "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility." USSG § 1B1.13 comment. (n.1). Thus, his hypertension and obesity do not create an extraordinary and compelling reason for

7

compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care.").

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. As the United States explains, Barnes "was a significant cocaine trafficker" and the Court agrees that the seriousness of Barnes's crime weighs against release. (Doc. # 71 at 14).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

James Dion Barnes, Jr.'s pro se "Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)" (Doc. # 69) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of January, 2021.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE